UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEJAS MOTEL, LLC, | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Civil Action No. 3:20-CV-01982-X |
| CITY OF MESQUITE, *acting by and through its Board of Adjustment,* | | |
| *Defendant.* | | |

## MEMORANDUM OPINION AND ORDER

This case arises out of a zoning dispute already litigated in Texas state courts. The plaintiff, Tejas Motel, L.L.C. (Tejas), alleges that the defendant, the City of Mesquite (Mesquite) violated federal and state laws by enacting—and selectively enforcing—illegal zoning ordinances. Tejas first sued in Texas state court, but the district court dismissed his claims and the court of appeals affirmed. Tejas then filed this suit in federal court, seeking declaratory relief. Mesquite moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. [Doc. No. 6]. Based on the *Rooker–Feldman* doctrine, the Court granted Mesquite's motion and dismissed the case. [Doc. No. 17]. Tejas then filed a motion to alter judgment. [Doc. No. 18]. For the reasons explained below, the Court **DENIES** the motion.

### I.   Factual Background

Because recent developments in United States Supreme Court caselaw are important to Tejas's arguments, the Court begins by discussing the relevant cases. Under *Williamson County Regional Planning Commission v. Hamilton Bank of*

1

*Johnson City*, property owners were required to exhaust available state remedies before bringing takings clause claims against local governments in federal court.[1] In *San Remo Hotel, L.P. v. City of San Francisco*, the Supreme Court held that a state court's decision on such claims had preclusive effect in federal court.[2] The combination of *Williamson County* and *San Remo* placed an aggrieved property owner "in a Catch-22: He [could not] go to federal court without going to state court first; but if he [went] to state court and los[t], his claim [would] be barred in federal court."[3]

In the 2019 case *Knick v. Township of Scott*, the Supreme Court overruled *Williamson County*, but not *San Remo*. Discarding *Williamson County*'s state litigation requirement, the Court held that a "property owner [suffers] a violation of his Fifth Amendment rights when the government takes his property without just compensation, and therefore may bring his claim in federal court under [Section] 1983 at that time."[4] So, under *Knick*, an aggrieved property owner may choose whether to bring his claims in state court or federal court in the first instance.

Tejas brought his state and federal claims against Mesquite in Texas state court, and in May 2019—one month before the Supreme Court's decision in *Knick*—the trial court granted Mesquite's plea to the jurisdiction and dismissed Tejas's

---

[1] 473 U.S. 172 (1985).

[2] *San Remo Hotel, L.P. v. City of San Francisco*, 545 U.S. 323 (2005).

[3] *Knick v. Township of Scott*, 139 S.Ct. 2162, 2167 (2019).

[4] *Id.*

claims.[5] Tejas appealed. In June 2020, the Texas Fifth Court of Appeals in Dallas affirmed the trial court's order, explaining that Tejas had failed to timely exhaust its administrative remedies for its state law claims and did not have viable federal claims.[6] Tejas sought review with the Texas Supreme Court, but the Court denied petition.

Unsatisfied with the result of its state lawsuit, Tejas filed its complaint in this Court in July 2020, while its initial petition to the Texas Supreme Court was still pending. Mesquite filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In March 2021, this Court granted Mesquite's motion to dismiss under Rule 12(b)(1) after concluding that it lacked subject matter jurisdiction to consider Tejas's claims under the *Rooker–Feldman* doctrine. Shortly thereafter, Tejas filed its Rule 59(e) motion to alter the judgment that the Court now considers.

## II. Legal Standards

Rule 59(e) "gives a district court the chance to rectify its own mistakes in the period immediately following its decision."[7] "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[8] So,

---

[5] *Tejas Motel, LLC v. City of Mesquite*, No. DC-18-16933, 2019 WL 10253286 (298th Dist. Ct., Dallas County, Tex. May 17, 2019).

[6] *Tejas Motel, LLC v. City of Mesquite*, No. 05-19-00667-CV, 2020 WL 2988566 (Tex. App.— Dallas June 4, 2020, pet. denied) (mem. op.).

[7] *Banister v. Davis*, 140 S.Ct. 1698 (2020) (cleaned up).

[8] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563 (5th Cir. 2003) (cleaned up).

"[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[9]

### III. Analysis

After careful consideration, the Court has concluded that it erred in previously concluding that this Court lacked jurisdiction to consider Tejas's claims under the *Rooker–Feldman* doctrine. "Reduced to its essence, the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress."[10] It is a narrow doctrine[11] limited to "cases brought by state-court losers complaining of injuries *caused* by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[12] "If a federal plaintiff presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court."[13] So, "[w]hen a plaintiff seeks to relitigate a suit that has been decided against him, he is not so much attacking as trying to bypass the judgment in that suit; and the doctrine that blocks him is res judicata."[14] Here, the claims for

---

[9] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[10] *Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (cleaned up).

[11] Indeed, the Supreme Court has only twice—once in 1923 and once in 1983—concluded that federal court lacked jurisdiction under *Rooker–Feldman*, and those are the two cases that give the doctrine its name. *Skinner v. Switzer*, 562 U.S. 521, 531 (2011).

[12] *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (emphasis added).

[13] *Skinner*, 562 U.S. at 532 (cleaned up).

[14] *Truong*, 717 F.3d at 384 (quoting *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995)).

which Tejas seeks redress were not *caused* by the Texas court's judgment. Rather, Tejas seeks to relitigate the same claims against Mesquite that it lost in state court. So, the Court erred in previously concluding that it lacked jurisdiction under *Rooker–Feldman* and dismissing Tejas's case under Rule 12(b)(1).

However, as Mesquite argued in its original brief, Tejas's claims were precluded by the judgment of the Texas state court, and the Court should have dismissed Tejas's claims as barred by res judicata under Rule 12(b)(6). Because the Court was correct to dismiss Tejas's claims, it denies Tejas's motion to alter the judgment. But because the Court dismissed Tejas's claims for the wrong reason and under the wrong rule, it sets forth the correct reasoning now.

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[15] To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17] Although res judicata is an affirmative defense, it "may be properly raised on a [Rule 12(b)(6)]

---

[15] *Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 481–82 (5th Cir. 2021) (cleaned up).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (cleaned up).

5

motion to dismiss when the facts are admitted or not controverted or are conclusively established."[18]

"Because the claimed preclusive effect arises from a state-court judgment, [the Court] appl[ies] Texas law to determine whether res judicata is applicable."[19] To establish res judicata under Texas law, three elements must be satisfied: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action."[20]

Tejas does not contest elements (2) and (3). So, the Court only needs to consider whether the state court dismissal represents a "final judgment on the merits by a court of competent jurisdiction."[21]

Tejas argues that the state court dismissal does not represent a final judgment on the merits by a court of competent jurisdiction for several reasons. First, Tejas argues that the state court dismissal should not be given preclusive effect because it was the result of a plea to the jurisdiction, and therefore does not represent a final judgment on the merits. In Texas, "[a] municipal government enjoys immunity from suit unless its immunity has been waived."[22] Because "immunity from suit implicates [the court's] subject matter jurisdiction," it may be asserted as a basis for dismissal

---

[18] *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013).

[19] *Cox v. Nueces Cnty.*, 839 F.3d 418, 421 (5th Cir. 2016).

[20] *Id.* (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

[21] *Id.*

[22] *City of Hous. v. Carlson*, 451 S.W.3d 828, 830 (Tex. 2014) (cleaned up).

in a plea to the jurisdiction.[23] Even where there has been a waiver of immunity, the plaintiff must assert a viable claim to avoid dismissal based on the city's general immunity from suit.[24] So, as the Texas Court of Appeals explained in the state court proceeding, even though a city is not immune to federal constitutional claims in general, "a trial court may grant a plea to the jurisdiction if [the plaintiff's] constitutional claim is not viable."[25] And, "[t]o state a viable due-process or takings claim [of the kind asserted by Tejas], a claimant must demonstrate that a constitutionally protected, vested, property interest has been infringed."[26] So, to determine whether a federal takings claim is viable—including in considering a plea to the jurisdiction—a Texas court necessarily must consider the merits of the claim. Here, the Texas Court of Appeals did just that. After concluding that Tejas had no viable federal constitutional claim, it affirmed the trial court's order granting the plea to the jurisdiction and dismissed Tejas's claims.[27] The Texas Supreme Court declined to review the case. So, the state court dismissal represents a final judgment on the merits.

Second, and relatedly, Tejas argues that the state court dismissal cannot have preclusive effect because the Texas court, in granting the plea to the jurisdiction,

---

[23] *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154 (Tex. 2016).

[24] *Carlson*, 451 S.W.3d at 830.

[25] *Tejas*, 2020 WL 2988566 at *5.

[26] *Id.*

[27] *Id.* at *5–7. The Court of Appeals explained that Tejas possessed neither a vested property right in maintaining the motel in non-conforming form, nor a protected interest in any reasonable investment-backed expectations.

7

determined that it lacked subject matter jurisdiction. So, according to Tejas, the state court dismissal lacks preclusive effect because it was not decided by a court of "competent jurisdiction." However, in 2017, the Texas Supreme Court rejected this argument. In *Engelman Irrigation District v. Shields Brothers, Inc.*, the Court clarified that while sovereign immunity may be presented as grounds for dismissal in a plea to the jurisdiction, sovereign immunity does not equate to a lack of subject-matter jurisdiction for all purposes.[28] If it did, a final judgment like the state court dismissal could be "challenged by collateral attack in a later proceeding," which would "undermine[] respect for the finality of judgments, an anchoring principle for any functioning and efficient judicial system."[29] Rejecting such an arrangement and instead adopting the Second Restatement of Judgment's approach, the Court concluded that res judicata bars challenges like Tejas's.[30] So, the state court dismissal represents a final judgment on the merits by a court of competent jurisdiction.

Third, Tejas argues that because of the intervening change in law brought by *Knick*, the trial court's dismissal of its claims is not entitled to preclusive effect under Texas law. Tejas's argument appears to assume that the trial court's dismissal of Tejas's federal constitutional claim was based entirely on Tejas's failure to timely exhaust his state remedies and the then-applicable state litigation requirement

---

[28] *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 751 (Tex. 2017).

[29] *Id.* at 753.

[30] *See id.*

8

under *Williamson County*. The trial court order does not state the bases for its dismissal of Tejas's claims. However, post-*Knick*, the Texas Court of Appeals affirmed the trial court's order after considering the merits of Tejas's federal constitutional claim and concluding that it was not viable. Because the Court of Appeals affirmed the district court's dismissal almost a year after the relevant change in decisional law brought by *Knick*, there has been no relevant intervening change in law that could render the state court dismissal non-preclusive.[31]

Finally, Tejas argues that the Court should ignore the state court dismissal because under then-governing *Williamson County* Tejas was forced to sue in state court first. While it is true that Tejas was limited by the state litigation requirement at the time it filed suit, the fact remains that there is a prior final judgment on the merits by a court of competent jurisdiction. Nothing in *Knick* suggests that the Court may ignore the state court judgment simply because *Williamson County* limited Tejas to state court at the time it first filed suit.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Tejas's motion to alter the judgment.

**IT IS SO ORDERED** this 22nd day of February, 2022.

---

[31] The Court expresses no opinion as to whether, under Texas law, *Knick* represents an intervening change in law that would render dismissal based entirely on *Williamson County* non-preclusive.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE